PACHECO ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT.

### PETITION for a Writ of Mandamus to the Judge of the District Court of Humacao.

No. 171.—Decided March 14, 1919.

MANDAMUS—TIME WITHIN WHICH DISTRICT AND MUNICIPAL COURTS SHALL RENDER THEIR JUDGMENTS OR DECISIONS IN ALL CIVIL CASES.—According to the jurisprudence established in the case of *Municipality of Quebradillas* v. *Executive Secretary of Porto Rico,* decided March 11, 1919, H. B. 79, entitled "An Act to fix the time within which district and municipal courts shall render their judgments or decisions in all civil cases, and for other purposes," approved by the House of Representatives and by the Senate of Porto Rico, is a law because it was not returned by the Governor to the Legislature within the period of ten days, excluding Sundays, prescribed by section 34 of the Organic Act, inasmuch as the Legislature did not adjourn but only took a recess on November 26, 1917, to reconvene on February 4, 1919, the return of the bill by the Governor not having been prevented by such recess.

ID.—ADJECTIVE LAW.—Being a law of procedure, the act in question was applicable to an action previously heard but not yet decided, the court being allowed the full time granted by the act to render judgment.

ID.—JUDGMENT—ABSOLUTE RIGHT—REFUSAL OF COURT.—When the parties have an absolute right to the rendition of judgment by a court a writ of mandamus will lie, but this writ will not be issued when its effect would be to review or control the discretion of a lower court. In order that the writ may be issued the petitioners must establish a clear right to the remedy. A prior motion must have been made to the court *a quo* and the said court must have refused to act.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for the petitioners.

*The Attorney General* and *Mr. Jaime Sifre, Jr.,* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Francisco, José del Carmen, Miguel, Maximina, Atanasio de la Cruz, Isidora del Carmen and Juana Pacheco y Becerril petitioned this court for a writ of mandamus directed to the judge of the District Court of Humacao and commanding him to render judgment forthwith in civil case No. 3567 entitled *Juan Francisco Pacheco et al.* v. *Diego Zalduondo* in ejectment.

The petition alleged that the action was tried in the said court on June 19, 1917, and that the said court had not rendered judgment on April 15, 1918, notwithstanding the act which went into effect on March 5, 1918, providing that "The time within which the district and municipal judges shall render their judgments or decisions in all civil actions shall not exceed sixty days for the latter and ninety days for the former." [*]

The respondent was ruled to show cause why the writ should not issue and on May 10, 1918, he answered. On June 3 the evidence was examined and arguments by the attorneys for the parties were heard. The petitioners did not allege that they had made a motion directly to the district court to render judgment in the action, and it was proved at the hearing that they did not.

Respondent contends in his brief that the bill referred to by the petitioners never became a law because the Legislature, by adjourning, prevented its return, and he discusses this question fully. In this aspect the case is similar to that of the *Municipality of Quebradillas* v. *Executive Secretary of Porto Rico, ante,* p. 138. According to the jurisprudence there established, it must be held that H. B. 79, entitled "A Bill to fix the term in which district and municipal courts shall render judgment or decision in all civil cases, and for other purposes," approved by the House of Representatives and by the Senate of Porto Rico and sent to the Governor

---

[*] This is a correct translation from the Spanish text. The English text as officially published reads as follows: "That the term in which district and municipal judges shall render judgment or decision in any civil case shall in no case exceed sixty days for the former and ninety days for the latter."—REPORTER.

and received at his office on November 21, 1917, at 9 a. m., became a law because it was not returned by the Governor to the Legislature within the ten days, Sundays excluded, prescribed by section 34 of the Organic Act, inasmuch as the Legislature did not adjourn but simply took a recess from November 26, 1917, to February 4, 1918, and therefore did not prevent the return of the bill by the Governor.

The respondent further contends that even if the bill had become a law it would not be applicable to this case and that even if it were applicable, the petition for a writ of mandamus should be denied, and on these points, in our opinion, the respondent is right.

The petitioners themselves allege that the said Act went into effect on March 5, 1918. Being a law of procedure, it was undoubtedly applicable to a case previously tried but still undecided, but it allowed the court the full time prescribed therein for rendering judgment and that period of time had not expired on April 15, 1918, the date of the petition, or even on June 3, 1918, the date of the hearing.

Moreover, the writ would not lie even if the time had expired, for the petitioners should have moved for judgment in the district court before applying to this court for relief. See the jurisprudence on the subject as condensed by Cyc. as follows:

"When the parties have an absolute right that the court proceed to enter judgment, mandamus will lie; but mandamus to enter a judgment will not issue where its effect would be to review or control the judicial discretion of the inferior court. In order that the writ may issue, relators must establish a clear right to the relief. There must have been a demand made of the trial court, and there must have been a refusal upon the part of the trial court to act." 26 Cyc. 210, 211.

In view of the foregoing, we are of the opinion that judgment should be entered denying the petition.

*Writ denied.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.